**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHLOMO SPAR, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>CELSION CORPORATION, MICHAEL H. TARDUGNO, JEFFREY W. CHURCH, and NICHOLAS BORYS,<br><br>    Defendants. | Case No.: 3:20-cv-15228-ZNQ-DEA<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>CLASS ACTION |

**TABLE OF CONTENTS**

I.      Courts May Not Consider Defendants' Extrinsic Evidence on a Motion to

Dismiss...................................................................................................................1

II.     The Court Should Not Consider Defendants' Exhibits 1-16...........................2

III.    The Court Should Not Consider Defendants' Additional Online Articles .....4

IV.     The Court Should Not Consider Defendants' Exhibits F-H, J-K...................5

V.      Conclusion ........................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Basic Inc. v. Levinson*,
    485 U.S. 224 (1988)...................................................................................... 6, 8

*Benak ex rel. All. Premier Growth Fund v. All. Cap. Mgmt. L.P.*,
    435 F.3d 396 ................................................................................................. 7

*Dura Pharms., Inc. v. Broudo*,
    544 U.S. 336 (2005)........................................................................................ 8

*EP Medsystems, Inc. v. EchoCath, Inc.*,
    235 F.3d 865 (3d Cir. 2000)............................................................................ 7

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009)............................................................................ 4

*Hirtenstein v. Cempra, Inc.*,
    348 F. Supp. 3d 530 (M.D.N.C. 2018) ............................................................. 7

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997)..................................................................... 3, 4, 6

*In re Intelligroup Sec. Litig.*,
    527 F. Supp. 2d 262 (D.N.J. 2007) .................................................................. 8

*In re Rockefeller Ctr. Properties, Inc. Securitites Litig.*,
    184 F.3d 280 (3d Cir. 1999)........................................................................ 3, 5

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) .......................................................................... 2

*Kramer v. Time Warner Inc.*,
    937 F.2d 767 (2d Cir. 1991)............................................................................ 7

*Mayer v. Belichick*,
    605 F.3d 223 (3d Cir. 2010)......................................................................... 1, 4

*Reilly v. U.S. Physical Therapy, Inc.,*,
    17 CIV. 2347 (NRB), 2018 WL 3559089........................................................ 7

*Spencer v. Princeton Univ.*,
    No. CV 19-20945, 2020 WL 3468208 (D.N.J. June 25, 2020) ........................... 4, 6

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
  551 U.S. 308 (2007)..................................................................................................... 1

*Wolfington v. Reconstructive Orthopaedic Assocs. II PC*,
  935 F.3d 187 (3d Cir. 2019).................................................................................... 4, 8

*Zhengyu He v. China Zenix Auto Int'l Ltd.*,
  No. CV21815530KMJAD, 2020 WL 3169506 (D.N.J. June 12, 2020)................................... 7

**Statutes**

15 U.S.C. § 78u-4(b)(3)(B).................................................................................................. 9

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................................... 1, 2, 3, 4

Fed. R. Civ. P.  12(d) .................................................................................................... 1, 9

Lead Plaintiff Milan Taraba ("Plaintiff") submits this memorandum of law in opposition to the Request for Judicial Notice filed by Defendants Celsion Corporation ("Celsion"), Michael H. Tardugno, Jeffrey W. Church, and Nicholas Borys ("Defendants"). Dkt. No. 28-5 ("RJN").

In connection with their motion to dismiss Plaintiff's Amended Class Action Complaint ("Complaint") (Dkt. No. 19), Defendants, without any justification whatsoever: (1) request the Court take judicial notice of 11 documents extrinsic to the Complaint comprising nearly 500 pages (Dkt. No. 28-7); and (2) foist upon the Court an additional 16 documents comprising another almost 100 pages of superfluous documents mentioned in the Complaint. (Dkt. No. 28-2). The Court requires none of these 600 pages to rule on any issue Defendants have raised.

## I.  Courts May Not Consider Defendants' Extrinsic Evidence on a Motion to Dismiss

On a motion to dismiss, the Court must accept all of the Complaint's factual allegations as true. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Rule 12(d) and binding precedent prohibit the Court from accepting extrinsic evidence Defendants submit for the truth of the matters contained therein. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). If the Court considers any of Defendants' extrinsic documents for the truth of their contents, rather than to provide context or to correct an error in the Complaint, Rule 12(d) requires the Court to convert the motion to dismiss to a motion for summary judgment and allow the parties to undertake discovery. Fed. R. Civ. P. 12(d) (if any party presents "matters outside the pleadings" in support of a motion to dismiss, the court must exclude them or treat the motion as a Rule 56 motion for summary judgment, giving the parties "a reasonable opportunity to present all the material that is pertinent to the motion"). The 600 pages Defendants submit provide no context and correct no error. As such, their submission is improper, and, based on the relief they seek, to dismiss the Complaint

1

for failure to state a claim pursuant to Rule 12(b)(6), Defendants know their submission is improper.

Fed up with defendants' persistent practice of piling hundreds of meaningless pages at the feet of district courts, attempting to queer the evaluation of a complaint's sufficiency, the Ninth Circuit recently cautioned that courts must resist what it deemed "a concerning pattern in securities cases like this one: exploiting [incorporation by reference and judicial notice] improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The Ninth Circuit continued, "[i]f defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for relief." *Id.* at 999. The Ninth Circuit concluded, "[s]uch undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine." *Id.* Defendants ask this Court to ignore that admonition, piling extrinsic documents upon the Court in an improper attempt to create an alternative fact universe at the pleading stage.

## II.     The Court Should Not Consider Defendants' Exhibits 1-16

Defendants submit Exhibits 1-16 for the Court's consideration because the Complaint cites to or quotes them. *See* Dkt. No. 28-2. Exhibits 12 and 15 to Defendants' declaration in support of their request for judicial notice are not even mentioned in their memorandum of law in support of the motion to dismiss. *See* Dkt. No. 28-1 ("MTD"). The MTD also cites to an Exhibit 17, *id.* at 24, that Defendants neither submitted nor included in the RJN. Determinative of whether the Court should accept or consider any of this deluge of documents is Defendants' failure to assert that the Complaint misquotes or takes out of context any section of any of the documents

2

they submit. Nowhere do they assert that the Complaint omits some text that discloses what the Complaint alleges Defendants misrepresented or omitted. Thus, Defendants have no justifiable reason for inundating the Court with unnecessary surplusage.

This is not a matter of whether the Court may consider Exhibits 1-16, documents incorporated by reference into the Complaint, for the fact of their existence or that the statements contained therein were made. Defendants do not, and based on their MTD, cannot, claim to submit the documents for these limited allowable purposes. Rather, the relevant issue is whether the Court may consider these documents for the improper purpose for which Defendants submit them: for the truth of the matters asserted therein. Under clear Third Circuit precedent, it may not. *See In re Rockefeller Ctr. Properties, Inc. Securitites Litig.*, 184 F.3d 280, 293 (3d Cir. 1999) (Nygaard, J., concurring in part) (any document a court properly considers on a Rule 12(b)(6) motion is "not relevant to prove the truth of [its] contents but only to determine what the document said") (citation omitted). Similarly, the Court may consider the documents "if the statement were examined in full context of the document, it would be clear that the statement was not fraudulent." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted). Defendants do not assert that this circumstance is present here either.

Defendants improperly and tacitly seem to assert that the volume of their statements about the OPTIMA trial and the likelihood that the FDA would approve ThermoDox, itself, is somehow exculpatory. The Complaint, however, accurately reflects the statements that it alleges are false and the context of the documents in which those statements are made. Thus, no proper reason exists for Defendants to have submitted the documents or for the Court to consider them in connection with Defendants' motion to dismiss. As such, Plaintiff objects to the Court's

3

considering Exhibits 1-16 the extent that Defendants ask the Court to consider "facts" they draw from these extraneous documents that contradict the Complaint's allegations.

### III.   The Court Should Not Consider Defendants' Additional Online Articles

In a direct assault on the application of Rule 12(b)(6), Defendants also implicitly request the Court take judicial notice of certain articles, available on the internet, that the Complaint does not even mention. In addition to the 600 pages of extrinsic documents attached to Defendants' declarations, Defendants cite to several online articles in their motion for the purpose of providing their own definition of terms that the Complaint properly defines. *Compare* Complaint ¶73 n.6 (defining futility), ¶31 (hazard ratio), ¶56 n.5 (p-value) *with* MTD at 7 n.1 (defining "overall survival"), MTD at 9 n.5 ("futility"), MTD at 10 n.6 ("hazard ratio"), MTD at 12 n.8-9 ("p-value").

As the Third Circuit explained, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings" except for a document "integral to or explicitly relied upon in the complaint." *Burlington Coat Factory*, 114 F.3d at 1426 (citing cases). The Complaint makes no reference to these articles whatsoever, so they are in no sense "integral to or explicitly relied upon" in the Complaint. *Id.* Defendants have not even requested the Court take judicial notice of these articles in their RJN. The Court "cannot consider extrinsic evidence that a defendant submits to dispute a factual allegation in a complaint." *Spencer v. Princeton Univ.*, No. CV 19-20945, 2020 WL 3468208, at *3 (D.N.J. June 25, 2020) (Wolfson, C.J.) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) and *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)). If the Court considers these articles, it must convert Defendants' motion to dismiss to a motion for summary judgment under Rule 56 and permit Plaintiff to discover his claims, in full. *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195–96

(3d Cir. 2019). Because the Complaint does not mention these articles, and because their substance does not contradict the Complaint or offer any substantive assistance to the Court's evaluation of Defendants' Motion to Dismiss, the Court should reject these articles in their entirety.

### IV.   The Court Should Not Consider Defendants' Exhibits F-H, J-K

Defendants also attempt to submit Exhibits A-K for consideration at the pleading stage through their request for judicial notice. These extraneous documents fall into four general categories, per Defendants' RJN: (1) documents filed with the U.S. Securities Exchange Commission ("SEC"), Exhibits A-E; (2) articles published online or in medical journals, Exhibits F-H; (3) a chart of Celsion's stock prices, Exhibit I; and (4) documents filed with or published by the U.S. Food and Drug Administration ("FDA"), Exhibits J-K. Plaintiff does not object to the Court taking judicial notice of Exhibits A-E, the SEC filings, or Exhibit I, the chart of Celsion's stock prices, to the extent these documents are submitted only for the fact of their filing and that the statements contained therein were made. The Court, however, may not consider the contents of these documents for truth of "facts" Defendants attempt to draw therefrom. *Rockefeller*, 184 F.3d at 293.

The Court should not grant judicial notice of Exhibits F-H. Exhibits F-H are completely extraneous to the pleadings, as they are in no way "integral to or explicitly relied upon" in the Complaint. In fact, the Complaint makes no mention of these articles whatsoever. Defendants submit these extrinsic documents solely for the truth of their contents to argue that (1) the articles attached as Exhibits F and G substantively "backed up" the conclusion Defendants drew in their 2019 annual report, MTD at 7; and (2) the *Seeking Alpha* blog post attached as Exhibit H caused Celsion's stock price to "rise dramatically," "on the heels of" the blog post. MTD at 13. These

extraneous materials serve no purpose other than to dispute the factual allegations of the Complaint. The Court may not consider them without converting Defendants' motion to one for summary judgment. *Spencer*, 2020 WL 3468208, at *3.

The *SeekingAlpha* blog post proves the rationale for its own exclusion. Defendants insert the *SeekingAlpha* blog post to establish the truth of a fact, that the blog post, and not Defendants' positive statements about the second interim results, caused Celsion's stock price to rise precipitously. They do not mention that blog post in any substantive argument. They have no reasons whatsoever, therefore, to include it. Injecting the *SeekingAlpha* article, however, Defendants seem to posit, "even if the Court finds our statements materially false and us reckless, we are not responsible for losses because we did not cause the price to go up." With that, Defendants attempt to tacitly assert that the Court should dismiss this case not because of the Complaint's inadequacy but because at a later point in the case, on full discovery, they may disprove either reliance on their reckless, misleading statements or that those statements did not cause investors' losses. This is wholly improper both procedurally, because it involves rebutting the presumption of reliance[1] on a motion to dismiss, and substantively, because the *SeekingAlpha* blog post, an opinion based on nothing more than public information, cannot impact the loss causation[2] element Plaintiff must ultimately prove. Thus, Defendants improperly attempt to inject

---

[1] Defendants may rebut the presumption of reliance, showing "that the misrepresentations were immaterial, that the market was aware that the misrepresentations were false, or that the misrepresentations were otherwise not assimilated into the price of the security." *Semerenko v. Cendant Corp.*, 233, F.3d 165, 179, n.7 (3d Cir. 2000). None of these defenses, however, are available on a motion to dismiss. *See id.* 180-81 (accepting allegations of reliance as true) (citing *Burlington Coat Factory*, 114 F.3d at 1420).

[2] In an efficient market, something Defendants do not challenge on their Motion to Dismiss, new information impacts the price of a stock. Stale, already public information cannot. *Basic Inc. v. Levinson*, 485 U.S. 224, 246 (1988) ("market price of shares traded on well-developed markets reflects all publicly available information"). Because the *SeekingAlpha* article conveys nothing that was not already public, the only way it can upset a finding that Defendants' reckless, materially

a counter-factual that this Court may not accept without denying their motion to dismiss or converting it to a motion for summary judgment, in both cases allowing discovery. The least dramatic remedy is for the Court simply to strike or refuse to consider these documents.

Thus, to the extent these extraneous articles are susceptible to judicial notice, the Court should nonetheless refuse to consider these documents because Defendants impermissibly submit them solely for the truth of their contents. Indeed, "[w]hile courts routinely take judicial notice of news articles in securities cases to assess whether information was in the public realm … such documents are not appropriately considered on a motion to dismiss for the substance of their contents." *Reilly v. U.S. Physical Therapy, Inc.*, No. 17 CIV. 2347 (NRB), 2018 WL 3559089, at *10 n. 14 (S.D.N.Y. July 23, 2018) (refusing to consider news articles submitted for the substance of its contents) (citing *Benak ex rel. All. Premier Growth Fund v. All. Cap. Mgmt. L.P.*, 435 F.3d 396, 401 n. 15 (3d Cir. 2006), and *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)). The cases Defendants cite in their RJN say no different. *See* RJN at 4 (citing *Hirtenstein v. Cempra, Inc.*, 348 F. Supp. 3d 530, 550–51 (M.D.N.C. 2018), *aff'd sub nom. Janies v. Cempra, Inc.*, 816 F. App'x 747 (4th Cir. 2020) (judicial notice taken of articles only as to "the fact of their publication"); *Benak*, 435 F.3d at 401 n. 15 (3d Cir. 2006) (district court did not err in taking judicial notice of newspaper articles because "[t]hey serve only to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true")).

Defendants attempt to misuse Exhibit H to self-exculpate, introducing extraneous evidence to disprove loss causation at the pleading stage. They well know, of course, that as a

---

misleading statements did not cause Plaintiff's loss is to show that the market was inefficient. The Court must not decide that issue on a motion to dismiss. *Zhengyu He v. China Zenix Auto Int'l Ltd.*, No. CV21815530KMJAD, 2020 WL 3169506, at *12 (D.N.J. June 12, 2020) ("The Third Circuit has stated that loss causation is ordinarily an issue for the trier of fact") (citing *EP Medsystems, Inc. v. EchoCath, Inc.*, 235 F.3d 865, 884 (3d Cir. 2000)).

matter of law, in an efficient market, an allegation they do not dispute, an opinion that simply rehashes already-public information cannot cause inflation or loss because the stock price already incorporates the public information. *Basic*, 485 U.S. at 246 (new information is critical to demonstrating loss causation or price inflation because it is assumed that the "market price of shares traded on well-developed markets reflects all publicly available information"). In addition, Defendants know that upon disclosure of the material adverse information, Celsion's common stock price plummeted, Complaint ¶74, a sufficient, uncontroverted fact to allege loss causation adequately. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (at the pleading stage, a plaintiff need only provide the defendant "with some indication of the loss and the causal connection that he has in mind"); *In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d 262, 295 (D.N.J. 2007) ("the plaintiff is required to plead that the decline in the stock price was caused by the market's discovery of defendant's fraud."). Defendants are wrong procedurally, wrong factually, and wrong legally. The Court, therefore, should not take judicial notice of, or consider for its substance, this extraneous document unless it converts the motion to dismiss to a motion for summary judgment and provides Plaintiff the opportunity to conduct discovery about his claims. *See Wolfington*, 935 F.3d at 198 (reversible error to fail to notify of conversion pursuant to Rule 12(d)).

Likewise, the Court should not take judicial notice of Exhibits J or K. These extrinsic documents are not mentioned, integral to, or relied upon in the Complaint. Defendants cite to Exhibit J, an FDA publication, and Exhibit K, the 2014 charter of Celsion's Data Monitoring Committee ("DMC") solely for the truth of their contents, to argue that these articles support Defendants' substantive argument that Celsion employees were all blinded to patient treatment. MTD at 18, n.13. Defendants' tautology demonstrates why the Court cannot consider these

8

extraneous documents, fully supporting the *Khoja* admonition. Defendants posit that because an agreement exists and they stated publicly that the results were blinded, the results must have been blinded—as if their enunciation that the results were blinded, itself, rendered that proposition true. *Id.* In this case, this illogical proposition has two flaws. First, it would eliminate any claim under Rule 10b-5 for securities fraud because defendants could always argue that they made a statement publicly so it must be true. Second, whether or not the results were in fact unblinded, the Complaint does not allege that the results were unblinded. Considering this document for any purpose, therefore, is wholly improper unless the Court converts Defendants' motion to one for summary judgment.

Under Rule 12(d), the Court may convert Defendants' motion to dismiss to a motion for summary judgment and afford all parties "reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Here, refusing to consider the extraneous documents Defendants attempt to submit is the more appropriate relief, as the PSLRA's automatic discovery stay has prevented the parties from engaging in any discovery while Defendants' motion to dismiss remains pending. 15 U.S.C. § 78u-4(b)(3)(B).

**V.     Conclusion**

Defendants assert no proper purpose for which the Court should consider any of the 600+ pages they submit in an attempt to buttress their motion to dismiss. For Exhibits F-H and J-K, and the other online articles cited in the MTD, which are not mentioned, integral to, or expressly relied upon in the Complaint, this Court must not consider the documents unless it converts this motion to one summary judgment and permits full discovery on Plaintiff's claims.

9

Dated: September 20, 2021

Respectfully submitted,

*/s/ Gonen Haklay*
Jacob A. Goldberg
Gonen Haklay
**THE ROSEN LAW FIRM, P.A.**
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Tel: (215) 600-2817
Fax: (212) 202-3827
ghaklay@rosenlegal.com
jgoldberg@rosenlegal.com

and

Laurence M. Rosen
**THE ROSEN LAW FIRM, P.A.**
One Gateway Center, Suite 2600
Newark, NJ 07102
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Attorneys for Lead Plaintiff and the Class*

10

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this September 20, 2021, a true and correct copy of the foregoing

OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE was served by

CM/ECF to the parties registered to the Court's CM/ECF system.


*/s/ Gonen Haklay*
Gonen Haklay